# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### MIDLAND DIVISION

**FILED**

JAN 0 9 2017

CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES OF AMERICA

v.

Case Number: 7:16-CR-00198-RAJ(1)
USM Number: 76620-380

CLARENCE EDWARD LOVELL

Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, CLARENCE EDWARD LOVELL, was represented by Joshua Alexander Stephens, Esq.

The defendant pled guilty to Count(s) One of the Indictment on October 24, 2016. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 922(g)(1)<br>18 USC § 2 | Aiding and Abetting Felon in Possession of a Firearm | 07/25/2016 | One |

As pronounced on January 5, 2017, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 9th day of January, 2017.

Robert A. Junell
Senior United States District Judge

DEFENDANT:          CLARENCE EDWARD LOVELL
CASE NUMBER:        7:16-CR-00198-RAJ(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Forty six (46) months as to count one** with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I. Big Spring.

That the defendant participate in the Bureau of Prisons' Inmate Job Training Program while incarcerated.

That the defendant participate in the Bureau of Prisons' Inmate Education Program while incarcerated.

The defendant shall remain in custody pending service of sentence.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
By
DEPUTY UNITED STATES MARSHAL

DEFENDANT:          CLARENCE EDWARD LOVELL
CASE NUMBER:       7:16-CR-00198-RAJ(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) years.**

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall abstain from the use of all intoxicants, including alcohol, marijuana, synthetic marijuana, and bath salts, during the term of supervision.

The defendant shall not be permitted to reside any place where firearms are possessed or stored.

The defendant shall obtain and maintain steady employment during the term of supervision.

The defendant must participate in a workforce development program and follow the rules and regulations of that program. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). The defendant must pay the costs of such program if financially able.

The defendant shall have no contact with his co-defendant, whether by phone, e-mail, fax, letter or in person, during the term of supervision.

Within 60 days of release, the defendant shall establish an account with the Texas Attorney General's office for the support of his minor children.

DEFENDANT: CLARENCE EDWARD LOVELL
CASE NUMBER: 7:16-CR-00198-RAJ(1)

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE
### (As Amended November 28, 2016)

It is ORDERED that the Conditions of Probation and Supervised Release applicable to each defendant committed to probation or supervised release in any division of the Western District of Texas, are adopted as follows:

Mandatory Conditions:

[1]   The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]   The defendant shall not unlawfully possess a controlled substance.

[3]   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]   The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]   If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]   If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8]   The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]   The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

Standard Conditions:

[1]   The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]   The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]   The defendant shall answer truthfully the questions asked by the probation officer.

[5]   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

DEFENDANT:      CLARENCE EDWARD LOVELL
CASE NUMBER:    7:16-CR-00198-RAJ(1)

[6]    The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7]    The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]    The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]    If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]    The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]    The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]    If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]    The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]    If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15]    If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]    If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17]    If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

DEFENDANT:      CLARENCE EDWARD LOVELL
CASE NUMBER:    7:16-CR-00198-RAJ(1)

# CRIMINAL MONETARY PENALTIES/SCHEDULE

      The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 |

## SPECIAL ASSESSMENT

      It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

## FINE

      The fine is waived because of the defendant's inability to pay.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

      If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

      The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

      Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

      Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.